NORA DOLAN et al., Respondents, *v.* THE NEW YORK AND HARLEM RAILROAD COMPANY et al., Appellants, Impleaded with Another.

RAILROADS — WHEN OWNERS OF LAND ABUTTING ON PARK AVENUE IN THE CITY OF NEW YORK CAN MAINTAIN ACTIONS AGAINST THE NEW YORK AND HARLEM RAILROAD COMPANY FOR DAMAGES TO FEE AND RENTAL VALUE CAUSED BY THE STATION HOUSES OF THE COMPANY. While the owners of land abutting on Park avenue in the city of New York cannot maintain an action against the New York and Harlem Railroad Company to restrain the maintenance and operation of the railroad of defendant upon the viaduct structure erected in and through that street under the statute (L. 1892, ch. 339), or, as an alternative, to recover damages resulting to the fee and rental value of the premises, such owners may recover both fee and rental damages where the station houses of the company occupy more of the street than the viaduct and thereby deprive the owners of their easements of light, air and access to the premises.

*Dolan* v. *N. Y. & Harlem R. R. Co.*, 74 App. Div. 434, reversed.

(Argued May 21, 1903; decided June 9, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered

August 6, 1902, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ira A. Place* and *Thomas Emery* for appellants. The judgment should be reversed and the complaint dismissed, with costs. (*Conabeer* v. *N. Y. & H. R. R. Co.*, 156 N. Y. 474; *Welde* v. *N. Y. & H. R. R. Co.*, 168 N. Y. 597; *Fries* v. *N. Y. & H. R. R. Co.*, 169 N. Y. 270; *Muhlker* v. *N. Y. & H. R. R. Co.*, 173 N. Y. 549; *Keirns* v. *N. Y. & H. R. R. Co.*, 173 N. Y. 642; *Siegel* v. *N. Y. & H. R. R. Co.*, 173 N. Y. 642; *Birrell* v. *N. Y. & H. R. R. Co.*, 173 N. Y. 644.)

*George C. Lay* and *William A. Keener* for respondents. The station was erected, not for a public improvement, but for the private and exclusive use of the railroad companies. The permission granted to the railroads, and their election to erect a station at One Hundred and Twenty-fifth street, make them solely responsible. (*Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 170; *Garvey* v. *L. I. R. R. Co.*, 159 N. Y. 323; *McKeon N. Y.*, *N. H. & H. R. R. Co.*, 75 Conn. 343.) The acts of the railroad company in exercising its option and widening the structure and building the station platform south of One Hundred and Twenty-fifth street constituted a trespass, for which it is solely responsible. (*Davenport* v. *Lamson*, 21 Pick. 74; *A. B. N. Co.* v. *N. Y. El. R. R. Co.*, 129 N. Y. 252; *Siegel* v. *N. Y. & H. R. R. Co.*, 62 App. Div. 200; *Lahr* v. *M. E. R. Co.*, 104 N. Y. 268.)

Haight, J. This is one of a group of actions brought by the abutting owners on Park avenue in the city of New York to restrain the maintenance and operation of the defendants' railroads upon the viaduct structure through that street, or, as an alternative, to recover damages resulting to the fee and rental value of the premises.

The plaintiffs' premises are situated on Park avenue, between 124th and 125th streets, abutting upon the defendants' railroad stations at 125th street. The station is upon the viaduct structure, widened out so as to provide a suitable platform on which passengers may enter or alight from trains, and is reached by stairways from the street.

The complaint in this action demands judgment that the defendants be enjoined from maintaining a station, platform and appurtenance thereto in front of the plaintiffs' premises, as well as that of the elevated railroad structure. The trial court awarded judgment in favor of the plaintiffs for fee and rental damages, which included the damages suffered by reason of the operation of the defendants' trains upon the viaduct. For this reason the judgment must be reversed, upon the authority of *Muhlker* v. *New York & Harlem Railroad Co.* (173 N. Y. 549) and *Fries* v. *New York & Harlem Railroad Co.* (169 N. Y. 270). The only question remaining to be determined upon this review is as to whether the complaint should be dismissed or a new trial granted, and the determination of that question involves an inquiry as to whether the plaintiffs can recover damages by reason of the construction and maintenance of the defendants' depot at that place.

Prior to 1892, the defendants had acquired the right to maintain and operate their railroad through Park avenue in a subway or cut bounded on either side by walls of masonry. This not only prevented the use of a large portion of the street for municipal purposes, but it also seriously interfered with the passage of teams between those portions of the city lying on opposite sides of Park avenue. Under these circumstances the legislature enacted chapter 339 of the Laws of 1892. By this act a board was created to erect a steel viaduct through Park avenue from 111th street to the Harlem river, and after its completion the defendants were required to run their trains over the viaduct. The cut in the street was then required to be filled, and the surface paved.

The evident purpose of this legislation was to open up Park

avenue as a street through its entire width, and to facilitate travel across the same between the portions of the city lying on either side of the street. This was a public improvement effected through a governmental agency, over which the defendants were given no voice or power to control the operations of the board. It was consequently held in the cases to which we have referred, that the defendants were not liable for the damages resulting to abutting property owners from the operations of their trains on the viaduct. The same statute further " authorized and permitted " the defendants, at their election, to erect station houses on both sides of the railroad at 125th street with platforms extending from the north line of 124th street to the south line of 125th street. This statute was amended by chapter 594 of the Laws of 1896, in which the defendants were not only authorized but *directed* to erect and maintain such stations, specifically specifying the size, place and character of the structure.

It is contended on behalf of the defendants that inasmuch as they were compelled to construct the stations, under the amendment of the act, they are relieved from liability for damages to abutting owners of property, upon the same theory and for the same reasons that they have been relieved from liability for the construction of the viaduct. But we think there is a controlling distinction between this and the former cases, and that our decisions in the *Fries* and *Muhlker* cases have no application. In those cases, as we have seen, the government built the structure for the purpose of effecting a great public improvement. In this case the government requires the defendants to provide suitable and proper facilities to enable their patrons to safely and conveniently enter and alight from their trains. A railroad corporation in accepting a charter from the state impliedly undertakes to afford reasonable and proper facilities for the transportation of passengers and freight, and if it neglects it may be compelled to discharge its duty in this regard. Under the General Railroad Law the construction and maintenance of depots is committed to the judgment of the railroad commissioners,

who are empowered to direct as to the station houses and terminal facilities that shall be provided.

Under the amendment of 1896 the legislature, so far as these defendants are concerned in Park avenue, has superseded the railroad commissioners, and has by act specified the character, size and location of the stations, and that is all. To our minds the situation is not different from that which would be presented if the railroad commissioners had required a depot and terminal facilities at any other point upon the defendants' lines. If, in complying with such requirements, additional lands should be required, it would become the duty of the railroad company to acquire the same and pay therefor. So in the case under consideration. If the station houses occupy more of the street than the viaduct and tend to deprive the plaintiffs of their easements of light, air and access, we think the defendants should pay therefor. The station houses are not constructed by the government for the purpose of accomplishing a public improvement, but are required by the government to be constructed by the railroad companies, under their implied contract with the state, to afford suitable and proper facilities for the accommodation of their own patrons.

While no damages could be awarded by reason of the construction of the viaduct, or of the operation of the trains of the defendants thereon, both fee and rental damages may be awarded, if suffered in consequence of the station houses. We consequently conclude that a new trial should be ordered.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

PARKER, Ch. J., O'BRIEN, MARTIN, CULLEN and WERNER, JJ., concur; GRAY, J., not sitting.

Judgment reversed.