ment, to which she was entitled under the laws of this state.

The judgment of conviction should be reversed, and a new trial ordered.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, MARTIN and CULLEN, JJ., concur.

Judgment of conviction reversed, etc.

---

AUGUSTA A. KETCHAM, Respondent, v. NEW YORK AND HARLEM RAILROAD COMPANY et al., Appellants.

RAILROADS — ERRONEOUS AWARD OF DAMAGES IN ACTION BROUGHT BY OWNER OF LAND ABUTTING ON PARK AVENUE IN THE CITY OF NEW YORK AGAINST THE NEW YORK AND HARLEM RAILROAD COMPANY FOR DAMAGES TO FEE AND RENTAL VALUE CAUSED BY A PASSENGER STATION OF THE COMPANY — RULE FOR ADMEASURING SUCH DAMAGES. Where, in an action brought by an owner of land abutting on Park avenue in the city of New York, to recover fee and rental damages caused by reason of the erection of a passenger station as part of the new steel viaduct structure of the New York and Harlem Railroad Company in front of plaintiff's premises, the trial court did not confine its award of damages to those caused by the erection and maintenance of the station building and appurtenances, but considered the former operation of the railroad upon the premises in suit and the physical effects produced by the new elevated structure, including the station and its appurtenances, such award is erroneous, and the judgment entered thereon should be reversed and a new trial ordered; the rule in such cases is that, if the plaintiff proves that the steel viaduct has been extended beyond the width of the structure between stations, and is clearly a part of the work necessary in erecting the station, and an injury is established by reason thereof, proper damages should be awarded.

*Ketcham v. N. Y. & H. R. R. Co.*, 76 App. Div. 619, reversed.

(Argued January 12, 1904; decided January 26, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 17, 1902, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ira A. Place* and *Thomas Emery* for appellants. The judgment should be reversed, and the complaint dismissed, with costs. (*Fries* v. *N. Y. & H. R. R. Co.*, 169 N. Y. 270; *Muhlker* v. *N. Y. & H. R. R. Co.*, 173 N. Y. 549; *Dolan* v. *N. Y. & H. R. R. Co.*, 175 N. Y. 367; *Ehret* v. *N. Y. & H. R. R. Co.*, 175 N. Y. 503; *McCarthy* v. *N. Y. & H. R. R. Co.*, 175 N. Y. 504; *Pape* v. *N. Y. & H. R. R. Co.*, 175 N. Y. 504.)

*Thomas P. Wickes* for respondent. The damages were awarded for the station building on the street and for such parts of the viaduct as have been erected and widened for the sole purpose of accommodating the station ; that is to say, for the purpose of supporting other station houses, platforms, etc., and for the purpose of accommodating traffic to the stations. Therefore such damages are entirely for structures erected at the option of the company and not partially for structures which the company were compelled to erect, and have been awarded not for the viaduct, as a viaduct, but only in connection with the station. (*Dolan* v. *N. Y. & H. R. R. Co.*, 175 N. Y. 367.)

BARTLETT, J. This action is brought to recover fee and rental damages of the defendants by reason of the erection of their passenger station at 125th street in the city of New York. The plaintiff's premises are situated on the southwest corner of Park avenue and 126th street, being a plot of seventy-five feet on Park avenue and ninety feet in depth, upon which are erected one-story buildings used for stores, said premises being known by the street numbers 1834, 1836 and 1838 Park avenue. The 125th street station extends north to 126th street and is consequently in front of plaintiff's premises.

The plaintiff, according to the prayer of her complaint, seeks to perpetually enjoin the defendants from maintaining, continuing or using the elevated railroad structure and its appurtenances and the station, station platform, stairways and

appurtenances, tracks, switches, ties, stringers, girders and rails in front of, over or adjacent to plaintiff's said premises, and that defendants be required forthwith to remove said railroad structure, etc., unless the defendants pay to the plaintiff such sum or sums as may be found to be the value of the easements of which the plaintiff has been deprived.

The trial court found (finding IV) that the defendants erected a passenger station at 125th street and Park avenue, a solid iron structure, in front of the plaintiff's premises, which was eventually modified so as to be eighty-two feet wide and twenty-three feet and three inches high.

Finding V reads: "By the adoption of plans for the station, and by the increase of the width and alteration of the structure for the sole purpose of accommodating the station, and by the work done by the defendants themselves or by their contractors, the defendants became parties to the process of construction at this point of the station buildings and appurtenances from the time of the commencement of the work in August, 1893, to its completion in November, 1897."

Finding IX reads: "The plaintiff has suffered damages by reason of the increase of inconvenience from the operation of trains *upon the viaduct structure* since the 16th of February, 1897, not including that from noise, and in the erection and maintenance of a passenger station at 125th street, *and the passing, starting and stopping of numerous trains thereat,* in the depreciation of the value of fee of her real estate in the sum of $11,500, and in the loss of rents from the 16th of February, 1897, down to the date of trial, in the sum of $5,500 ; the said sums  *  *  *  represent as to fee damages and rental damages, respectively, the net difference measured in money between the physical effect of the *former operation of the railroad* upon the premises in suit and the physical effects *produced by the new elevated structure, including the station and its appurtenances* and its use, less benefits conferred upon the same premises by reason of increased traveling facilities and increased traffic."

As this case is one of a large number, involving the same

situation, it is deemed proper to state what this court has already decided and to point out the one question which has been left open.

This court has decided that the steel viaduct in Park avenue, upon which the defendants' railroads are now operated, extending from 104th street to the Harlem river, was a public improvement effected through a governmental agency, and that defendants were not liable for damages resulting to abutting property owners from .the maintenance of the structure or the operation of trains thereon. (*Muhlker* v. *N. Y.* & *Harlem R. R. Co.*, 173 N. Y.. 549 ; *Fries* v. *N. Y.* & *Harlem R. R. Co.*, 169 N. Y. 270.)

It has also been decided " that the station houses are not constructed by the government for the purpose of accomplishing a public improvement, but are required by the government to be constructed by the railroad companies under their implied contract with the state to afford suitable and proper facilities for the accommodation of their own patrons." (*Dolan* v. *N. Y.* & *Harlem R. R. Co.*, 175 N. Y. 367.)

A single question is presented by this appeal, the defendants, appellants, contending that the findings of the trial court include, not only the damages, fee and rental, arising from the construction of the station at 125th street, but embrace damages produced by the new elevated structure, including the station and its appurtenances.

The plaintiff insists that, reading the fifth and ninth findings together, it is clear that the trial court limited the damages to the construction and operation of the station.

We are of opinion that the contention of the appellants must be sustained, as it seems to us clear, on a careful reading of the findings, that the trial court did not confine its award of damages to the erection and maintenance of the station building and appurtenances.

Finding IX distinctly states that the plaintiff " has suffered damages by reason of the *increase of inconvenience from the operation of trains upon the viaduct structure* since the 16th of February, 1897, not including that from noise,

*and* in the erection and maintenance of a passenger station at 125th street, and the passing, starting and stopping of numerous trains thereat."

This finding further states, after fixing the fee and rental damages, that they represent "the net difference measured in money between the physical effect of the *former operation of the railroad upon the premises in suit and the physical effects produced by the new elevated structure, including the station and its appurtenances and its use, less benefits conferred upon the same premises by reason of increased traveling facilities and increased traffic.*"

It is clear from the phraseology of this finding that the trial court did not confine the assessment of damages to the station and its appurtenances, but considered the former operation of the railroad upon the premises in suit and the physical effects produced by the new elevated structure, including the station and its appurtenances.

In *Dolan* v. *N. Y. & Harlem R. R. Co.* (175 N. Y. 367), Judge HAIGHT, writing for the court, said (p. 371): "If the station houses occupy more of the street than the viaduct and tend to deprive the plaintiffs of their easements of light, air and access, we think the defendants should pay therefor."

This language is, in general terms, an indication of the rule of damages to be applied in these station-house cases which have survived the former decisions of this court. It is desirable that the rule should be clearly stated for the guidance of counsel in the trial of similar cases.

If the plaintiff proves that the steel viaduct has been extended beyond the width of the structure between stations, and is clearly a part of the work necessary in erecting the station, and an injury is established by reason thereof, proper damages should be awarded.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

PARKER, Ch. J., O'BRIEN, HAIGHT, MARTIN and CULLEN, JJ., concur; GRAY, J., not sitting.

Judgment reversed, etc.